UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG,
    Plaintiff,

vs.                                                                                  02-1418

RONALD GRUBER, et al.
    Defendants.

## ORDER

    This cause is before the court for consideration of the plaintiff's latest motions to proceed informa pauperis on appeal. [d/e 70, 72].

    Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. See Cruz v. Hauck, 404 U.S. 59, 62 (1971); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

    Since the plaintiff's case was dismissed on March 23, 2004, the plaintiff has filed numerous notices of appeal and motions to proceed in forma pauperis on appeal. (See Documents 28, 48, 53, 65, 38, 42, 43, 58). On August 9, 2005, the court informed the plaintiff that it was unclear whether the plaintiff was appealing new issues, or where he was simply filing repetitive notices of appeal and motions to proceed in forma pauperis on appeal. The plaintiff was instructed to file a brief which specifically stated his grounds for appeal.

    The plaintiff has filed a brief, but does not specifically state what court ruling he is appealing. It appears the plaintiff is still debating the March 23, 2004 order which granted the defendants' motions to dismiss the complaint. Once again the plaintiff has failed to provide any proper basis for his appeal.

    The court is again unable to find any substantial issue meriting relief from judgement. The court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

    The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days. See Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. See Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that plaintiff's motions for leave to appeal in forma pauperis are denied. [d/e 70, 72].  Plaintiff is ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.  The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.  <u>The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>

Enter this 8th day of November, 2005.

**s/ Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE